LMB/lmb



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. **00-6211** CR-HURLEY

21 U.S.C. § 841(d)(2)
21 U.S.C. § 846          MAGISTRATE JUDGE
21 U.S.C. § 853             VITUNAC
18 U.S.C. § 2

UNITED STATES OF AMERICA          )
                                  )
                 Plaintiff,       )
v.                                )
                                  )
THOMAS L. NAROG,                  )
GHANDI JABER,                     )
AHMAD ALMASRI,                    )
NADIA ALMASRI,                    )
MUTASEM AL-SALHI,                 )
SABER ABDELMUTI,                  )
RAED NASER ALDIN,                 )
NABIL AQUIL,                      )
NIZAR FNEICHE,                    )
MOTLAQ JABER,                     )
TEREK ZAKI ABU-LAWI,              )
RABAH EL HADDAD,                  )
ZUHAIR MAHUMUD RABEI,             )
and                               )
MOHAMMED SAMHAN,                  )
                                  )
                 Defendants.      )
_____)



### INDICTMENT

The Grand Jury charges that:

### COUNT 1

From in or about September 1999, the exact date being unknown

to the Grand Jury, to the present, in Broward County, in the

Southern District of Florida, and elsewhere, the defendants,



THOMAS L. NAROG,
GHANDI JABER,
AHMAD ALMASRI,
NADIA ALMASRI,
MUTASEM AL-SALHI,
SABER ABDELMUTI,
RAED NASER ALDIN,
NABIL AQUIL,
NIZAR FNEICHE,
MOTLAQ JABER,
TEREK ZAKI ABU-LAWI,
RABAH EL HADDAD,
ZUHAIR MAHUMUD RABEI,
and
MOHAMMED SAMHAN,

did knowingly and intentionally combine, conspire, confederate and
agree with each other and with persons known and unknown to the
Grand Jury, to possess and distribute pseudoephedrine, a list I
chemical as defined in Title 21, United States Code, Section 802,
knowing and having reasonable cause to believe that the listed
chemical would be used to manufacture a controlled substance, that
is, methamphetamine, a Schedule II controlled substance, in
violation of Title 21, United States Code, Section 841(d)(2); all
in violation of Title 21, United States Code, Section 846.

### COUNT 2

On or about March 27, 2000, at Broward County, in the
Southern District of Florida, and elsewhere, the defendants,

THOMAS L. NAROG,
GHANDI JABER,
MUTASEM AL-SALHI,
MOTLAQ JABER,
and
TEREK ZAKI ABU-LAWI,

did knowingly and intentionally possess and distribute

2

pseudoephedrine, a list I chemical as defined in Title 21, United

States Code, Section 802, knowing and having reasonable cause to

believe that the listed chemical would be used to manufacture a

controlled substance, that is, methamphetamine, a Schedule II

controlled substance, in violation of Title 21, United States

Code, Section 841(d)(2), and Title 18, United States Code,

Section 2.

### COUNT 3

On or about April 4, 2000, at Broward County, in the

Southern District of Florida, and elsewhere, the defendants,

THOMAS L. NAROG,
GHANDI JABER,
MOTLAQ JABER,
and
MUTASEM AL-SALHI,

did knowingly and intentionally possess and distribute

pseudoephedrine, a list I chemical as defined in Title 21, United

States Code, Section 802, knowing and having reasonable cause to

believe that the listed chemical would be used to manufacture a

controlled substance, that is, methamphetamine, a Schedule II

controlled substance,  in violation of Title 21, United States

Code, Section 841(d)(2), and Title 18, United States Code,

Section 2.

## COUNT 4

On or about April 27, 2000, at Broward County, in the
Southern District of Florida, and elsewhere, the defendants,

                    THOMAS L. NAROG,
                     GHANDI JABER,
                     AHMAD ALMASRI,
                     NADIA ALMASRI,
                    SABER ABDELMUTI,
                         and
                 ZUHAIR MAHUMUD RABEI,

did knowingly and intentionally possess and distribute

pseudoephedrine, a list I chemical as defined in Title 21, United

States Code, Section 802, knowing and having reasonable cause to

believe that the listed chemical would be used to manufacture a

controlled substance, that is, methamphetamine, a Schedule II

controlled substance,  in violation of Title 21, United States

Code, Section 841(d)(2), and Title 18, United States Code,

Section 2.

## COUNT 5

On or about June 1, 2000, at Broward County, in the
Southern District of Florida, and elsewhere, the defendants,

                    THOMAS L. NAROG,
                     GHANDI JABER,
                     MOTLAQ JABER,
                   RAED NASER ALDIN,
                     NABIL AQUIL,
                    NIZAR FNEICHE,
                   RABAH EL HADDAD,
                         and
                   MOHAMMAD SAMHAN

did knowingly and intentionally possess and distribute

4

pseudoephedrine, a list I chemical as defined in Title 21, United
States Code, Section 802, knowing and having reasonable cause to
believe that the listed chemical would be used to manufacture a
controlled substance, that is, methamphetamine, a Schedule II
controlled substance,  in violation of Title 21, United States
Code, Section 841(d)(2), and Title 18, United States Code,
Section 2.

### COUNT 6

On or about June 15, 2000, at Broward County, in the
Southern District of Florida, and elsewhere, the defendants,

                    THOMAS L. NAROG,
                    RABAH EL HADDAD,
                         and
                    MOHAMMAD SAMHAN

did knowingly and intentionally possess and distribute
pseudoephedrine, a list I chemical as defined in Title 21, United
States Code, Section 802, knowing and having reasonable cause to
believe that the listed chemical would be used to manufacture a
controlled substance, that is, methamphetamine, a Schedule II
controlled substance,  in violation of Title 21, United States
Code, Section 841(d)(2), and Title 18, United States Code,
Section 2.

5

## COUNT 7

On or about June 20, 2000, at Broward County, in the Southern District of Florida, and elsewhere, the defendant,

THOMAS L. NAROG,

did knowingly and intentionally possess and distribute pseudoephedrine, a list I chemical as defined in Title 21, United States Code, Section 802, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, that is, methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(d)(2), and Title 18, United States Code, Section 2.

**FORFEITURE**
(21 U.S.C. §853)

      As a result of the foregoing offenses listed in Counts

1,2,3,4,5,6,and 7, of the indictment, the defendants,

THOMAS L. NAROG,
GHANDI JABER,
AHMAD ALMASRI,
NADIA ALMASRI,
MUTASEM AL-SALHI,
SABER ABDELMUTI,
RAED NASER ALDIN,
NABIL AQUIL,
NIZAR FNEICHE,
MOTLAQ JABER,
TEREK ZAKI ABU-LAWI,
RABAH EL HADDAD,
ZUHAIR MAHUMUD RABEI,
and
MOHAMMED SAMHAN,

shall forfeit to the United States, any and all property used or

intended to be used in any manner or part to commit and to

facilitate the commission of the foregoing offenses; and any and

all property constituting and derived from proceeds the defendant

obtained directly or indirectly, as a result of such violations,

including, but not limited to:

    1.    the single family residence located at
        8 Castle Harbor Isle, Fort Lauderdale, Florida;

    2.    one 1996 White Mercedes four-door automobile;

    3.    118 boxes, containing 144 bottles per box, of 60mg, 60
        count "Tru-Choice Maximum" pseudoephedrine pills, and
        31 boxes of loose 60 mg "Tru-Choice Maximum"
        pseudoephedrine pills packaged in clear ziplock baggies

pursuant to Title 21, United States Code, Sections 841(a)(1),
846, and 853.

If any of the above-described forfeitable property, as a
result of any act or omission of the defendants:

1.  cannot be located upon the exercise of due diligence;

2.  has been transferred or sold to, or deposited with, a
    third person;

3.  has been placed beyond the jurisdiction of the Court;

4.  has been substantially diminished in value; or

5.  has been commingled with other property which cannot be
    subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21,
United State Code, Section 853(p), to seek forfeiture of any
other property of said defendants up to the value of the above
forfeitable property, pursuant to Title 21, United States Code,
Section 853.

A TRUE BILL

FOREPERSON

GUY A. LEWIS
UNITED STATES ATTORNEY

LAURENCE M. BARDFELD
ASSISTANT UNITED STATES ATTORNEY

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| UNITED STATES OF AMERICA | CASE NO. _____ |
|---|---|

v.

**CERTIFICATE OF TRIAL ATTORNEY***

THOMAS L. NAROG, ET AL.

**Superseding Case Information:**

**Court Division:** (Select One)

New Defendant(s)      Yes ____   No ____
Number of New Defendants   _____
Total number of counts   _____

____  Miami  ____  ____ Key West
__X__  FTL  ____  WPB ____ FTP

I do hereby certify that:

1.  I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2.  I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3.  Interpreter:     (Yes or No) ___YES_____
    List language and/or dialect  _____ARABIC AND HEBREW_____

4.  This case will take  __15__  days for the parties to try.

5.  Please check appropriate category and type of offense listed below:
    (Check only one)                        (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | _____ | Petty | _____ |
| II | 6 to 10 days | _____ | Minor | _____ |
| III | 11 to 20 days | __X__ | Misdem. | _____ |
| IV | 21 to 60 days | _____ | Felony | __X__ |
| V | 61 days and over | _____ | | |

6.  Has this case been previously filed in this District Court?  (Yes or No)  __NO__
If yes:
Judge: _____        Case No. _____
(Attach copy of dispositive order)

Has a complaint been filed in this matter?  (Yes or No) ___NO_____
If yes:
Magistrate Case No.   __00-4187-BSS, 00-4188-BSS, and 00-4189-BSS__
Related Miscellaneous numbers:  SEARCH WARRANT'S 00-4729-BSS and 00-4730-BSS
Defendant(s) in federal custody as of NAROG, JABER, A. Al MASRI, N. Al MASRI, AQUIL,
_____FNEICHE, EL HADDAD, AL SALHI, SAMHAN ON 7/29/00
Defendant(s) in state custody as of _____
Rule 20 from the _____        District of _____

Is this a potential death penalty case? (Yes or No) _____NO_____

7.  Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? ___ Yes _X_ No  If yes, was it pending in the Central Region? __ Yes __ No

8.  Did this case originate in the Narcotics Section, Miami? __ Yes _X_ No

_____
LAURENCE M. BARDFELD
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 712450

*Penalty Sheet(s) attached

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: _THOMAS L. NAROG_          No.:_____

Count # 1:

Conspiracy to possess a listed chemical knowing it will be used for manufacturing a controlled

substance (methamphetamine): in violation of 21 U.S.C. § 846 and 841 (d)(2).

_____

*Max Penalty:     20 years' imprisonment; $250,000 fine, 10 year injunction

Counts # 2 thru 7 :

Possession of a listed chemical knowing it will be used for manufacturing a controlled

substance (methamphetamine): in violation of 21 U.S.C. § 841(d)(2).

_____

_____

*Max Penalty:     20 years' imprisonment; $250,000 fine, 10 year injunction

Count # :

_____

_____

*Max Penalty: _____

Count # :

_____

_____

*Max Penalty: _____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: __GHANDI JABER__    No.:_____

Count # 1:

Conspiracy to possess a listed chemical knowing it will be used for manufacturing a

controlled substance (methamphetamine): in violation of 21 U.S.C. § 846 and 841 (d)(2).

*Max Penalty:    20 years' imprisonment; $250,000 fine

Counts # 2 thru 5 :

Possession of a listed chemical knowing it will be used for manufacturing a controlled

substance (methamphetamine): in violation of 21 U.S.C. § 841(d)(2).

*Max Penalty:    20 years' imprisonment; $250,000 fine

Count # :

*Max Penalty:

Count # :

*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: __AHMAD ALMASRI__          No.:_____

Count # 1:

Conspiracy to possess a listed chemical knowing it will be used for manufacturing a

controlled substance (methamphetamine): in violation of 21 U.S.C. § 846 and 841(d)(2).

_____

*Max Penalty:    20 years' imprisonment; $ 250,000 fine_____

Count # 4 :

Possession of a listed chemical knowing it will be used for manufacturing a controlled

substance (methamphetamine): in violation of 21 U.S.C. § 841(d)(2)._____

_____

_____

*Max Penalty:    20 years' imprisonment; $ 250,000 fine_____

Count # :

_____

_____

*Max Penalty:_____

Count # :

_____

_____

*Max Penalty:_____

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name:   NADIA ALMASRI         No.:_____

Count # 1:

Conspiracy to possess a listed chemical knowing it will be used for manufacturing a

controlled substance (methamphetamine): in violation of 21 U.S.C. § 846 and 841(d)(2).

_____

*Max Penalty:     20 years' imprisonment; $ 250,000 fine_____

Count # 4 :

Possession of a listed chemical knowing it will be used for manufacturing a controlled

substance (methamphetamine): in violation of 21 U.S.C. § 841(d)(2)._____

_____

_____

*Max Penalty:     20 years' imprisonment; $ 250,000 fine_____

Count # :

_____

_____

_____

*Max Penalty:_____

Count # :

_____

_____

_____

*Max Penalty:_____

**\*Refers only to possible term of incarceration, does not include possible fines,
restitution, special assessments, parole terms or forfeitures that may be applicable.**
REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name:  MUTASEM AL-SALHI        No.:_____

Count # 1:

Conspiracy to possess a listed chemical knowing it will be used for manufacturing a
controlled substance (methamphetamine): in violation of 21 U.S.C. § 846 and 841(d)(2).

_____

*Max Penalty:     20 years' imprisonment; $ 250,000 fine_____

Counts # 2 and 3 :

Possession of a listed chemical knowing it will be used for manufacturing a controlled
substance (methamphetamine): in violation of 21 U.S.C. § 841(d)(2).

_____

_____

*Max Penalty:     20 years' imprisonment; $250,000 fine_____

Count # :

_____

_____

_____

*Max Penalty:_____

Count # :

_____

_____

_____

*Max Penalty:_____

**\*Refers only to possible term of incarceration, does not include possible fines,
restitution, special assessments, parole terms or forfeitures that may be applicable.**
REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: __SABER ABDELMUTI___      No.:_____

Count # 1:

Conspiracy to possess a listed chemical knowing it will be used for manufacturing a

controlled substance (methamphetamine): in violation of 21 U.S.C. § 846 and 841(d)(2).

\*Max Penalty:    20 years' imprisonment; $250,000 fine

Count # 4 :

Possession of a listed chemical knowing it will be used for manufacturing a controlled

substance (methamphetamine): in violation of 21 U.S.C. § 841(d)(2).

\*Max Penalty:    20 years' imprisonment; $250,000 fine

Count # :

\*Max Penalty:

Count # :

\*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: __RAED NASER ALDIN__    No.:_____

Count # 1:

Conspiracy to possess a listed chemical knowing it will be used for manufacturing a

controlled substance (methamphetamine): in violation of 21 U.S.C. § 846 and 841(d)(2).

_____

*Max Penalty:    20 years' imprisonment; $250,000 fine

Count # 5 :

Possession of a listed chemical knowing it will be used for manufacturing a controlled

substance (methamphetamine): in violation of 21 U.S.C. § 841(d)(2).

_____

_____

*Max Penalty:    20 years' imprisonment; $250,000 fine

Count # :

_____

_____

_____

*Max Penalty:_____

Count # :

_____

_____

_____

*Max Penalty:_____

**\*Refers only to possible term of incarceration, does not include possible fines,
restitution, special assessments, parole terms or forfeitures that may be applicable.**
REV. 12/12/96

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**PENALTY SHEET**

Defendant's Name: __NABIL AQUIL__    No.:_____

Count # 1:

Conspiracy to possess a listed chemical knowing it will be used for manufacturing a

controlled substance (methamphetamine): in violation of 21 U.S.C. § 846 and 841(d)(2).

_____

*Max Penalty:    20 years' imprisonment; $250,000 fine_____

Count # 5 :

Possession of a listed chemical knowing it will be used for manufacturing a controlled

substance (methamphetamine): in violation of 21 U.S.C. § 841(d)(2)._____

_____

_____

*Max Penalty:    20 years' imprisonment; $250,000 fine_____

Count # :

_____

_____

_____

*Max Penalty:_____

Count # :

_____

_____

_____

*Max Penalty:_____

**\*Refers only to possible term of incarceration, does not include possible fines,**
**restitution, special assessments, parole terms or forfeitures that may be applicable.**
REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name:  NIZAR FNEICHE          No.:_____

Count # 1:

Conspiracy to possess a listed chemical knowing it will be used for manufacturing a

controlled substance (methamphetamine): in violation of 21 U.S.C. § 846 and 841(d)(2).

_____

*Max Penalty:    20 years' imprisonment; $250,000 fine

Count # 5 :

Possession of a listed chemical knowing it will be used for manufacturing a controlled

substance (methamphetamine): in violation of 21 U.S.C. § 841(d)(2).

_____

*Max Penalty:    20 years' imprisonment; $250,000 fine

Count # :

_____

_____

*Max Penalty:

Count # :

_____

_____

*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
**PENALTY SHEET**

Defendant's Name:  MOTLAQ JABER          No.:_____

Count # 1:

Conspiracy to possess a listed chemical knowing it will be used for manufacturing a

controlled substance (methamphetamine): in violation of 21 U.S.C. § 846 and 841(d)(2).

_____

*Max Penalty:    20 years' imprisonment; \$250,000 fine_____

Counts # 2, 3,   and 5 :

Possession of a listed chemical knowing it will be used for manufacturing a controlled

substance (methamphetamine): in violation of 21 U.S.C. § 841(d)(2).

_____

_____

*Max Penalty:    20 years' imprisonment; \$250,000 fine_____

Count # :

_____

_____

_____

*Max Penalty:_____

Count # :

_____

_____

_____

*Max Penalty:_____

**\*Refers only to possible term of incarceration, does not include possible fines,
restitution, special assessments, parole terms or forfeitures that may be applicable.**
REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name:   TEREK ZAKI ABU-LAWI        No.:_____

Count # 1:

Conspiracy to possess a listed chemical knowing it will be used for manufacturing a

controlled substance (methamphetamine): in violation of 21 U.S.C. § 846 and 841(d)(2).

_____

*Max Penalty:     20 years' imprisonment; $250,000 fine

Count # 2 :

Possession of a listed chemical knowing it will be used for manufacturing a controlled

substance (methamphetamine): in violation of 21 U.S.C. § 841(d)(2).

_____

_____

*Max Penalty:     20 years' imprisonment; $250,000 fine

Count # :

_____

_____

_____

*Max Penalty:

Count # :

_____

_____

_____

*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution,
special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
## PENALTY SHEET

Defendant's Name: ___RABAH EL HADDAD___    No.:_____

Count # 1:

Conspiracy to possess a listed chemical knowing it will be used for manufacturing a

controlled substance (methamphetamine): in violation of 21 U.S.C. § 846 and 841(d)(2).

---

*Max Penalty:    20 years' imprisonment; $250,000 fine_____

Counts # 5 and 6:

Possession of a listed chemical knowing it will be used for manufacturing a controlled

substance (methamphetamine): in violation of 21 U.S.C. § 841(d)(2)._____

---

*Max Penalty:    20 years' imprisonment; $250,000 fine_____

Count # :

---

*Max Penalty:_____

Count # :

---

*Max Penalty:_____

**\*Refers only to possible term of incarceration, does not include possible fines,**
**restitution, special assessments, parole terms or forfeitures that may be applicable.**
REV. 12/12/96

# SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: __ZUHAIR MAHUMUD RABEI__    No.:_____

Count # 1:

Conspiracy to possess a listed chemical knowing it will be used for manufacturing a

controlled substance (methamphetamine): in violation of 21 U.S.C. § 846 and 841(d)(2).

_____

*Max Penalty:    20 years' imprisonment; $250,000 fine

Count # 4 :

Possession of a listed chemical knowing it will be used for manufacturing a controlled

substance (methamphetamine): in violation of 21 U.S.C. § 841(d)(2).

*Max Penalty:    20 years' imprisonment; $250,000 fine

Count # :

*Max Penalty:

Count # :

*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## PENALTY SHEET

Defendant's Name: __MOHAMMED SAMHAN__     No.:_____

Count # 1:

Conspiracy to possess a listed chemical knowing it will be used for manufacturing a

controlled substance (methamphetamine): in violation of 21 U.S.C. § 846 and 841(d)(2).

*Max Penalty:    20 years' imprisonment; $250,000 fine

Counts # 5 and 6:

Possession of a listed chemical knowing it will be used for manufacturing a controlled

substance (methamphetamine): in violation of 21 U.S.C. § 841(d)(2).

*Max Penalty:    20 years' imprisonment; $250,000 fine

Count # :

*Max Penalty:

Count # :

*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96