UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6211-CR-HURLEY

UNITED STATES OF AMERICA

    Plaintiff,

v.

THOMAS NAROG,

    Defendant.
_____/

**UNITED STATES' RESPONSE TO COURT'S MAY 16, 2003, ORDER
REQUIRING RESPONSE ON THIRD PARTY, SUNTRUST BANK'S PETITION**

The United States files this response to the Court's May 16, 2003, order and submits that:

1. The undersigned did not receive the Court's order until the afternoon of May 23, 2003, when the West Palm Beach U.S. Attorney's Office faxed the order here. Otherwise, a response to the Court's order would have been filed sooner.

2. On June 24, 2002, a final order of forfeiture was entered against Narog's residence located at 8 Castle Harbor Drive, in Fort Lauderdale, Florida.

3. Subsequently, the United States learned that SunTrust Bank had a lien interest in Narog's residence and obtained an order on October 3, 2002, setting aside the final order of forfeiture to properly address SunTrust Bank's interest. The United States was then in the process of recognizing SunTrust Bank's lien interest in Narog's forfeited property. See September 23, 2002, and October 8, 2002, letters from the undersigned to SunTrust Bank attached as Exhibit One.

4. At the time, the undersigned was unaware that, on or about June 25, 2002, Narog had filed an appeal of his sentence and the forfeiture orders.

5. Subsequently, on November 1, 2002, SunTrust Bank filed a petition regarding their mortgage lien interest on the residence. The United States realized that given Narog's appeal it would be impossible to obtain title insurance to sell Narog's residence. Consequently, the United States was unable to proceed with a stipulation recognizing SunTrust Bank interest because in the event of an adverse ruling on Narog's appeal, SunTrust Bank would receive a windfall, if their mortgage was paid off, and the United States would suffer a financial loss. This was informed to SunTrust. See November 20, 2002, fax to SunTrust's attorney attached as Exhibit Two.

6. In the interim, the United States entered into an occupancy agreement[1] with Narog's daughter, Mary Jane Lucas, whereby she could continue to occupy the residence pending the outcome of the appeal as long as payments on the mortgage (SunTrust Bank), and real estate taxes were made. Under the agreement, she was and is required to provide copies of cancelled checks to the United States Marshals Service as proof of each payment. See agreement attached as Exhibit Three. She remains current with payments.

7. The undersigned is unaware of the current status of Narog's appeal. In the interim, SunTrust Bank's petition cannot be addressed on the merits. It will remain pending, until a final

---

[1] Nobody is occupying the property, only personal items are being stored there.

ruling is obtained from the Eleventh Circuit Court of Appeals on Narog's appeal.

                              Respectfully submitted,

                              MARCOS DANIEL JIMENEZ
                              UNITED STATES ATTORNEY

By: _____
            WILLIAM H. BECKERLEG, JR.
            Assistant United States Attorney
            500 E. Broward Blvd., Suite 700
            Fort Lauderdale, Florida 33394
            Fla. Bar No. A5500074
            Tel: (954) 356-7314, ext. 3614
            FAX: (954) 356-7180

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was sent by mail this 27th day of May, 2003 to:

E. Givens Goodspeed, Esq.
c/o Rush, Marshal, Jones and Kelly, P.A.
Attorneys for Sun trust Bank
Magnolia Place
109 East Church Street, 5th Floor
Orlando, FL 32802-3146

Fred Haddad, Esq.
c/o Haddad & Haddad, P.A.
One Financial Plaza, Suite 2612
Fort Lauderdale, FL 33394

_____
WILLIAM H. BECKERLEG, JR.
ASSISTANT UNITED STATES ATTORNEY

 U.S. Department of 



*United States Attorney*
*Southern District of Florida*

500 East Broward Boulevard
Ft. Lauderdale, Florida 33394
(954) 356-7314, ext. 3614
FAX: (954) 356-7180

September 23, 2002

**VIA FACSIMILE**
(615) 232-1444

SUNTRUST BANK
ATTN: Payoff Department

    Re:    **Payoff on Home Equity Line Mortgage #5462531344200047**
            **Thomas Narog, Borrower**

Dear Sir/Madam:

    This office recently forfeited the residence of Mr. Narog located in Fort Lauderdale, Florida. Our records indicate that your bank holds the mortgage referenced above, which remains outstanding. We would like to know the outstanding balance due on the mortgage so that we can proceeds to pay it off. This will allow us to sell the property free and clear of liens. Thank you for your response in this matter.

                          Very truly yours,
                          MARCOS DANIEL JIMENEZ
                          UNITED STATES ATTORNEY

By:    _____
                          WILLIAM H. BECKERLEG, JR.
                          ASSISTANT U.S. ATTORNEY





**U.S. Department of Justice**

*United States Attorney*
*Southern District of Florida*

500 East Broward Boulevard
Ft. Lauderdale, Florida 33394
(954) 356-7314, ext. 3614
FAX: (954) 356-7180

**FILE COPY**

October 8, 2002

**VIA FEDERAL EXPRESS**

ATTN: Roger Kelly, Esq.
c/o Rush, Marshall, Jones & Kelly
109 East Church Street, 5th Floor
Orlando, Fl 32802

    Re:    **Forfeiture of residence at 8 Castle Harbor Isle**
            **Fort Lauderdale, Florida**
            <u>**U.S.A. v. Thomas Narog, Case No. 00-6211-CR-DTH**</u>

Dear Mr. Kelly:

    Attached is a copy of the April 19, 2002, preliminary order of forfeiture requiring third parties (SunTrust Bank) with an interest in the forfeited residence to file a petition with the Court to adjudicate their interest. Also attached is an order setting aside the final order of forfeiture. Our records show that your bank has a $37,000.00 mortgage secured by the above residence. We obtained the order setting aside the final order of forfeiture so that your client can now file a petition with the Court regarding the mortgage. We will then be able to submit a stipulation recognizing the mortgage and paying it off. Call me if you have any questions.

                                      Very truly yours,
                                      MARCOS DANIEL JIMENEZ
                                      UNITED STATES ATTORNEY

By: _____
          WILLIAM H. BECKERLEG, JR.
          ASSISTANT U.S. ATTORNEY



 

U.S. Department of Justice

United States Attorney
Southern District of Florida

# FACSIMILE TRANSMISSION

*Central/Northern Litigation Section*
*500 East Broward Boulevard, 7th Floor*
*Fort Lauderdale, Florida 33394*
*Telephone: (954) 356-7314 ext.3614*
*FAX NO. (954) 356-7180*

**FROM:** William H. Beckerleg
Assistant U.S. Attorney

**TO:** E. Givens Goodspeed, Esq.

FAX No. (407) 423-0554        Telephone No. 426-2828

Transmission Date: 11/20/02

Number of Pages (including this page): 4
**IF NOT PROPERLY RECEIVED, CALL THE SENDING INDIVIDUAL.**

This facsimile contains <u>PRIVILEGED AND CONFIDENTIAL INFORMATION</u> intended only for the use of the Addressee(s) named above. If you are not the intended recipient of this facsimile, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.

## MESSAGE/CONTENTS:

This fax is in In response to your letter, dated 11/19/02 inquiring as to SunTrust's petition. Attached is the occupancy agreement in place regarding the property at 8 Castle Harbor Drive, Ft. Lauderdale, FL. Between the time we sent your client Sun Trust Bank a request to file a petition in our pending -criminal case against Thomas Narog and the filing of the petition, Narog filed an appeal of his criminal conviction including the forfeiture of the residence. Consequently we are presently unable, as we generally do, to submit to the Court a stipulation recognizing your lien interest and paying off the lien at once, as originally planned because of the pending appeal; We are unable to sell the residence until the appeal is resolved. We run the risk of losing monies if Narog ultimately prevailed in the appeal and we had, in the interim, paid off your lien. That would be a windfall for Narog and to the detriment of the


GOVERNMENT EXHIBIT 2

government. The latter scenario , however, appears unlikely given the evidence presented at Narog's trial. Out of caution we can do nothing else in the interim other than wait. The attached-occupancy agreement allows Narog's daughter to live on the property as long as the mortgage(SunTrust) is paid along with taxes, etc. Call me if you any other questions or concerns in this matter.

```
*********************
***  TX REPORT   ***
*********************

TRANSMISSION OK

TX/RX NO              0813
CONNECTION TEL        914074262828
SUBADDRESS
CONNECTION ID
ST. TIME              11/20 14:37
USAGE T               01'16
PGS.                  4
RESULT                OK
```



**U.S. Department of Justice**

*United States Attorney*
*Southern District of Florida*

---

# FACSIMILE TRANSMISSION

Central/Northern Litigation Section
500 East Broward Boulevard, 7th Floor
Fort Lauderdale, Florida 33394
Telephone: (954) 356-7314 ext.3614
FAX NO. (954) 356-7180

FROM:   William H. Beckerleg
        Assistant U.S. Attorney

TO:     E. Givens Goodspeed, Esq.

        FAX No. (407) 423-0554          Telephone No.
                426-2828

Transmission Date: 11/20/02

Number of Pages (including this page): 4

**IF NOT PROPERLY RECEIVED, CALL THE SENDING INDIVIDUAL.**

This facsimile contains PRIVILEGED AND CONFIDENTIAL INFORMATION intended only for the use of the Addressee(s) named above. If you are not the intended recipient of this facsimile, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination or copying of this facsimile is strictly prohibited. If you have received this facsimile in error, please immediately notify us by telephone and return the original facsimile to us at the above address via the U.S. Postal Service. Thank you.

MESSAGE/CONTENTS:



U.S. Department of Justice

United States Marshals Service

*Southern District of Florida*

8721

*Miami, FL 33128-7785*

MEMORANDUM OF UNDERSTANDING

CATS ASSET ID# 00-DEA-383459

SEIZED ASSET OCCUPANCY AGREEMENT

I, __Mary Jane Lucas__ (hereinafter known as Daughter of Owner) have been advised by the United States Marshals Service that the premises known as __8 Castle Harbor Isle, Ft. Lauderdale, FL 33308__ (hereinafter known as property) has been seized by a United States District Court Order, and that said property will remain in the custody of this Court pending further disposition.

I, as Daughter of Owner, have been advised I may continue to maintain status quo of the property on a month-month basis, if I agree to pay the mortgage, real estate taxes, and any other items that may affect title to the property from this day forward. Daughter of Owner will provide the U.S. Marshals Service a copy of the receipt or canceled check as proof of each payment, and agrees to release the United States of America from any and all claims which might arise from me maintaining the status quo of the property; and further agree to maintain the property in the same condition it was in on __November 7, 2002__ and be responsible for all utilities, lawn, pool maintenance, homeowner's fees, and sewage/garbage fees as applicable. Daughte of Owner is responsible for maintaining property insurance.

If the United States of America prevails in the appeal for this case and should it be ordered by the Court, the United States Marshals Service will arrange to sell the property as soon as possible. Daughter of Owner will be given 30 days notice to vacate the property.

I understand that there are no agreements between the United States of America and me which shall bind either party which are not stated in the Memorandum of Understanding.

I HAVE CAREFULLY READ THE FOREGOING MEMORANDUM BEFORE SIGNING. I UNDERSTAND THE TERMS OF THIS MEMORANDUM AND I INTEND TO BE LEGALLY BOUND HEREBY.

Edward A. Stubbs
United States Marshal

_____ 11-7-02          _____ 11-7-02
Relative of Owner     Date           Deputy U.S. Marshal      Date

*An Accredited Law Enforcement Agency*

GOVERNMENT EXHIBIT 3

If you have any questions pertaining to this case, you may contact Elizabeth Valdes, Supervisory Records Examiner/Analyst, at (305) 536.7575.

**Mail copies of receipts or canceled checks to:**

United States Marshals Service
Attn: Elizabeth Valdes
51 SW 1st Avenue, Room 900
Miami, Florida 33012

**or you may fax receipts or canceled checks to:**

(305) 536-7594
Attention: Elizabeth Valdes