```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF FLORIDA

          No. 00-6211-CR_HURLEY(s)(s)
                 21 U.S.C. § 846
                 21 U.S.C. § 841(a)(1)
                 21 U.S.C. § 841(c)(2)
```

UNITED STATES OF AMERICA

v.

GHANDI JABER,
MOTLAQ JABER,
and
RABAH EL HADDAD,

    Defendants.
_____/



### SECOND SUPERSEDING INDICTMENT

The Grand Jury charges that:

### COUNT 1

From in or about September 1999, the exact date being unknown to the Grand Jury, to on or about July 29, 2000, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**GHANDI JABER,
MOTLAQ JABER,
and
RABAH EL HADDAD,**

did knowingly and intentionally combine, conspire, confederate, and agree with each other and with persons known and unknown to the Grand Jury, to possess and distribute pseudoephedrine, a list I chemical as defined in Title 21, United States Code, Section 802, knowing, and having reasonable cause to believe, that the listed



chemical would be used to manufacture a controlled substance, in violation of Title 21, United States Code, Section 841(c)(2); all in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(A), it is further alleged that the controlled substance, in fact, consisted of 50 grams or more of a mixture and substance containing a detectable about of methamphetamine.

### COUNT 2

From in or about September 1999, the exact date being unknown to the Grand Jury, to on or about July 29, 2000, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**GHANDI JABER**
and
**RABAH EL HADDAD,**

did knowingly and intentionally combine, conspire, confederate, and agree with each other and with persons known and unknown to the Grand Jury, to manufacture a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1); all in violation of Title 21, United States Code, Section 846.

Pursuant to Title 21, United States Code, Section 841(b)(1)(A), it is further alleged that the controlled substance, in fact, consisted of 50 grams or more of a mixture and substance containing a detectable about of methamphetamine.

## COUNT 3

From on or about March 22, 2000, until on or about April 5, 2000, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**GHANDI JABER**
and
**MOTLAQ JABER,**

did knowingly and intentionally possess and distribute pseudoephedrine, a list I chemical as defined in Title 21, United States Code, Section 802, knowing, and having reasonable cause to believe, that the listed chemical would be used to manufacture a controlled substance, in violation of Title 21, United States Code, Section 841(c)(2), and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b), it is further alleged that the controlled substance, in fact, consisted of a mixture and substance containing a detectable about of methamphetamine.

## COUNT 4

From on or about April 4, 2000, until on or about April 10, 2000 in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**GHANDI JABER,**

did knowingly and intentionally possess and distribute pseudoephedrine, a list I chemical as defined in Title 21, United

States Code, Section 802, knowing, and having reasonable cause to believe, that the listed chemical would be used to manufacture a controlled substance, in violation of Title 21, United States Code, Section 841(c)(2), and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b), it is further alleged that the controlled substance, in fact, consisted of a mixture and substance containing a detectable about of methamphetamine.

### COUNT 5

From on or about April 25, 2000, until on or about April 27, 2000, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**GHANDI JABER,**

did knowingly and intentionally possess and distribute pseudoephedrine, a list I chemical as defined in Title 21, United States Code, Section 802, knowing, and having reasonable cause to believe, that the listed chemical would be used to manufacture a controlled substance, in violation of Title 21, United States Code, Section 841(c)(2), and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b), it is further alleged that the controlled substance, in fact, consisted of a mixture and substance containing a detectable about of methamphetamine.

## COUNT 6

From on or about June 1, 2000, until on or about June 5, 2000 in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**GHANDI JABER,
MOTLAQ JABER,
and
RABAH EL HADDAD,**

did knowingly and intentionally possess and distribute pseudoephedrine, a list I chemical as defined in Title 21, United States Code, Section 802, knowing, and having reasonable cause to believe, that the listed chemical would be used to manufacture a controlled substance, in violation of Title 21, United States Code, Section 841(c)(2), and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b), it is further alleged that the controlled substance, in fact, consisted of a mixture and substance containing a detectable about of methamphetamine.

## COUNT 7

On or about June 15, 2000, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

**RABAH EL HADDAD,**

did knowingly and intentionally possess and distribute pseudoephedrine, a list I chemical as defined in Title 21, United States Code, Section 802, knowing, and having reasonable cause to

believe, that the listed chemical would be used to manufacture a controlled substance, in violation of Title 21, United States Code, Section 841(c)(2), and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b), it is further alleged that the controlled substance, in fact, consisted of a mixture and substance containing a detectable about of methamphetamine.

## COUNT 8

From on or about July 21, 2000, until on or about July 29, 2000, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**RABAH EL HADDAD,**

did knowingly and intentionally possess and distribute pseudoephedrine, a list I chemical as defined in Title 21, United States Code, Section 802, knowing, and having reasonable cause to believe, that the listed chemical would be used to manufacture a controlled substance, in violation of Title 21, United States Code, Section 841(c)(2), and Title 18, United States Code, Section 2.

Pursuant to Title 21, United States Code, Section 841(b), it is further alleged that the controlled substance, in fact, consisted of a mixture and substance containing a detectable about of methamphetamine.

A TRUE BILL

*Ronald Carey*
FOREPERSON

/s/ *Ron H Fetten*
/s/ MARCOS D. JIMENEZ
UNITED STATES ATTORNEY

*Laurence M Bardfeld*
LAURENCE M. BARDFELD
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: GHANDI JABER

Case No: 00-6211-CR-HURLEY(s)(s)

Count #: 1

Conspiracy to Possess a List 1 Chemical (Pseudoephedrine)

in violation of 21 U.S.C. § 841(c)(2) & 846

* **Max.Penalty**: Twenty (20) years' imprisonment; Three (3) years' supervised release; $250,000 fine

Count #: 2

Conspiracy to Manufacture Methamphetamine

in violation of 21 U.S.C. § 841(a)(1) & 846

* **Max.Penalty**: Ten (10) years' mandatory minimum to Life imprisonment; 5 years' supervised release; $4,000,000 fine

Counts #: 3-6

Possession of a List 1 Chemical (Pseudoephedrine)

in violation of 21 U.S.C. § 841(c)(2)

***Max. Penalty**: Twenty (20) years' imprisonment; Three (3) years' supervised release; $250,000 fine

Count #:

*_____

*_____

***Max. Penalty:**_____

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: MOTLAQ JABER

Case No: 00-6211-CR-HURLEY(s)(s)(s)

Count #: 1

Conspiracy to Possess a List 1 Chemical (Pseudoephedrine)

in violation of 21 U.S.C. § 841(c)(2) & 846

* **Max.Penalty**: Twenty (20) years' imprisonment, Three (3) years' supervised release; $250,000 fine

Counts #: 3-6

Possession of a List 1 Chemical (Pseudoephedrine)

in violation of 21 U.S.C. § 841(c)(2)

***Max. Penalty:** Twenty (20) years' imprisonment, Three (3) years' supervised release; $250,000 fine

Count #:

*_____

**Max. Penalty:**

Count #:

*_____

**Max. Penalty:**

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: RABAH EL HADDAD

Case No: 00-6211-CR-HURLEY(s)(s)

Count #: 1

Conspiracy to Possess a List 1 Chemical (Pseudoephedrine)

in violation of 21 U.S.C. § 841(c)(2) & 846

* **Max.Penalty**: Twenty (20) years' imprisonment; Three (3) years' supervised release; $250,000 fine

Count #: 2

Conspiracy to Manufacture Methamphetamine

in violation of 21 U.S.C. § 841(a)(1) & 846

* **Max.Penalty**: Ten (10) years' mandatory minimum to Life imprisonment; 5 years' supervised release; $4,000,000 fine

Counts #: 3-6

Possession of a List 1 Chemical (Pseudoephedrine)

in violation of 21 U.S.C. § 841(c)(2)

***Max. Penalty:** Twenty (20) years' imprisonment; Three (3) years' supervised release; $250,000 fine

Count #:

***Max. Penalty:**

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA         CASE NO.    00-6211-CR-HURLEY(s)(s)

vs.

GHANDI JABER,                    **CERTIFICATE OF TRIAL ATTORNEY***
MOTLAQ JABER,
RABAH EL HADDAD,
              Defendants.
_____/    Superseding Case Information:


**Court Division**: (Select One)        New Defendant(s)     Yes _____    No __X__

                                        Number of New Defendants _____
___  Miami      ___  Key West           Total number of counts   _____
_X_  FTL        ___  WPB        ___ FTP

    I do hereby certify that:

    1.   I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses
         and the legal complexities of the Indictment/Information attached hereto.

    2.   I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their
         calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

    3.   Interpreter:      (Yes or No)         ___NO___
         List language and/or dialect          __English__

    4.   This case will take                   ___20___   days to try

    5.   Please check appropriate category and type of offense listed below:
         (Check only one)                                  (Check only one)

    I    0 to 5 days          _____              Petty        _____
    II   6 to 10 days         _____              Minor        _____
    III  11 to 20 days        __X__              Misdem.      _____
    IV   21 to 60 days        _____              Felony       __X__
    V    61 days and over

    6.   Has this case been previously filed in this District Court? (Yes or No)    YES
         If yes:
         Judge:  _Daniel T.K. Hurley_____    Case No.    __00-6211-CR-Hurley_____
         (Attach copy of dispositive order)
         Has a complaint been filed in this matter?   (Yes or No) _NO_
         If yes:
         Magistrate Case No.                   _____
         Related Miscellaneous numbers:        _____
         Defendant(s) in federal custody as of _____
         Defendant(s) in state custody as of   _____
         Rule 20 from the _____  District of _____

    Is this a potential death penalty case? (Yes or No) _NO_
    7.   Does this case originate from a matter pending in the U.S. Attorney's Office prior to
         April 1, 2003?       _X_ Yes    ___ No

    8.   Does this case originate from a matter pending in the U. S. Attorney's Office prior to
         April 1, 1999?       ___ Yes    _X_ No
         If yes, was it pending in the Central Region?   Yes ___   No ___

    9.   Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14,
         2003?          Yes _X_   No ___

    10.  Does this case originate from a matter pending in the Narcotics Section (Miami) prior to
         May 18, 2003?             _X_ Yes    ___ No

                                        _____
                                        LAURENCE M. BARDFELD
                                        ASSISTANT UNITED STATES ATTORNEY
                                        Florida Bar No. 712450

**No.** 06050

# UNITED STATES DISTRICT COURT

Southern ***District of*** Florida

***Central Criminal Division***

# THE UNITED STATES OF AMERICA

**vs.**

**GHANDI JABER**
**MOTLAQ JABER**
**RABAH EL HADDAD**

# INDICTMENT

**21 U.S.C. § 841 (a)(1)**
**21 U.S.C. § 841 (c)(2)**
**21 U.S.C. § 846**

***A true bill.***

______________________________
***Foreperson***

***Filed in open court this*** ____________________ ***day,***

***of*** ________________ ***, A.D. 20*** ________________

______________________________
***Clerk***

***Bail. $*** ________________________